■ JANE S. WHITMORE, Respondent, v JOHN H. WHITMORE, Appellant. —Appeal from an order of the Family Court, Broome County, entered February 3, 1977, which granted exclusive possession of the marital residence to the plaintiff. Plaintiff, Jane Whitmore, obtained an uncontested divorce from the defendant, John Whitmore, in Supreme Court on the ground of cruel and inhuman treatment. The case was transferred for further proceedings to the Family Court, which, after a hearing, awarded exclusive possession of the marital residence to plaintiff. The residence is a three-bedroom house with a yard and garden. The defendant now seeks to have the Family Court's order modified to allow him to occupy the basement laboratory of the residence during reasonable hours. He is willing to construct a new laboratory entrance to avoid in-common use of any part of the house. The parties were married in 1951 and have four children, two of whom (aged 15 and 17) are still dependent. The Family Court has awarded custody of both minors to plaintiff. Since 1975, the three have lived in a small, four-room furnished apartment rented for $190 per month. A third child, aged 20, also lives with them. The defendant is an engineer. From 1953 to 1963 he designed and developed precision instruments as a salaried employee. Since 1963, he has been self-employed, operating out of the basement and garage of the residence now in dispute. The facilities include an engineering library, data files, and laboratory equipment. The basement was specially adapted to defendant's work by installation of separate heating, humidity control and electrical systems together with various substantial machines and instruments. According to defendant, it would cost $7,000 to move the laboratory to another structure. Although during the the 1960's defendant earned enough as a self-employed research and development engineer to support his family, after 1970 he has earned no appreciable income. Plaintiff is a musician and has been employed as a substitute public school teacher. She has not requested or received support payments or alimony. The Family Court wrote no opinion, but we agree with the finding implicit in its order that forcing plaintiff and her children to live in constant proximity to their estranged husband and father would unreasonably strain all involved. This would be so regardless of the availability of a separate basement entrance. If the house cannot feasibly be shared, either the wife and children or the defendant must leave. We cannot say that the Family Court, in exercising its discretion under section 234 of Domestic Relations Law, erred in choosing to award possession as it did. Although the record shows that the defendant is a capable scientist vigorously trying to develop a certain grinding system which, once perfected, might bring substantial earnings, he is also a father and former husband with present obligations to his family. To exclude the family from their comfortable residence to allow the defendant to pursue research which has produced no earnings for the past six years would unfairly require them to underwrite his quest for fortune. He has the ability to earn a substantial salary, and no limitless right to pursue the less reliable occupation of self-employed research (cf. *Hickland v Hickland,* 39 NY2d 1, 6). The case at bar is distinguishable from *Hickland v Hickland (supra)* and *Bernstein v Bernstein* (36

AD2d 620). In *Hickland,* the Court of Appeals held that the trial court's order awarding the wife possession of the farm residence *and* adjoining farm land was erroneous. The order was modified to permit the husband to continue farming the land. The likelihood of friction is much greater here, where the parties would share a single house. In *Bernstein,* the trial court gave the wife possession of the marital residence, part of which residence had been used as an office by her husband, a chiropractor. This court modified the order to permit the husband to use the office at reasonable times. The order in *Bernstein* was interlocutory, and, moreover, the husband was earning substantial income from his practice. Here, plaintiff has obtained a final divorce decree, and defendant earns no money through his use of the house. The order appealed from gave defendant until March 1, 1977 to remove his equipment and other personal property. That order was stayed pending appeal by order of this court dated April 8, 1977. The Family Court order should be modified to allow defendant 30 days within which to remove his personalty and vacate the premises. Order modified, in the exercise of discretion and in the interests of justice, so as to provide that defendant shall remove his personalty and vacate the premises within 30 days after service of a copy of the order to be entered hereon together with notice of entry, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.